### DENNISON v. GILMORE.
### No. 2592.

Court of Civil Appeals of Texas. Beaumont.
May 15, 1934.

Rehearing Denied May 23, 1934.

David E. O'Fiel, of Beaumont, for appellant.

John T. Kitching, of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was filed in the county court of Jefferson county at law, by appellant, A. Dennison, against appellee, J. W. Gilmore, to recover several distinct items of damage totaling $742.50. Appellee replied by way of cross-action against appellant, claiming items totaling $838.31. The issues were submitted to the jury by 51 separate and distinct questions. On "the answers of the jury to said special issues," quoting from the judgment, "and from the undisputed issues of fact," the court found that appellee was indebted to appellant in the sum of $300 and that appellant was indebted to appellee in the sum of $602.66. On these findings judgment was entered in favor of · appellee against appellant for the sum of $302.62, "the same being the difference between the amount allowed by the jury to the defendant on his cross-action and the amount allowed by the jury to the plaintiff." The record is

before us merely upon the transcript, without a statement of facts.

Appellee sued for $110.95, the value of certain parts used by him in repairing appellant's engine, and for the time consumed in making these repairs, which issue was submitted to the jury and found in appellee's favor. Appellant makes the point that by pleading and prosecuting to judgment his claim for repairs to the engine and for the time used in the making of the repairs he elected to abandon his subsequent claim for damages for the failure of appellant to thresh his rice crop. We find no relation whatever between these two issues; it necessarily follows that damages for the cost of the repairs and the work on the engine did not constitute a double recovery in favor of appellee.

There is no merit in the contention that the contract pleaded by appellee whereby appellant was to thresh his rice crop was without consideration. Every essential element of the contract was duly pleaded—the work to be done, the contract price, the time it was to be performed, consideration, and the agreement of appellant to do the work and of appellee to accept the work.

Appellee pleaded that appellant was to thresh 2,080 sacks of rice; that he failed to do this work, resulting in damage to appellee in the sum of $520, that is, 25 cents per sack for the 2,080 sacks. But in assessing appellee's damages on this issue the jury found for him the sum of $1,548.75. It conclusively appears from the judgment entered and from the verdict of the jury on other issues that this sum was reduced by the court to the amount claimed by appellee in his cross-petition. The court had the power to do this, and the verdict of the jury assessing the damages in the sum of $1,548.75 did not oust the jurisdiction of the county court.

Since the court did not submit the issue as to whether or not the failure of appellant to thresh the rice was "a proximate cause" of appellee's damages, the point is made that the judgment is without support. There are two answers to this contention. We have no statement of facts. The court affirmatively stated that judgment was based upon the undisputed facts and the verdict of the jury. It follows that all issues must be resolved in support of the judgment, that is, that the issue of proximate cause was established as a matter of law. But no exception was reserved against the charge on the

544

ground that it failed to submit the issue of proximate cause, and no such issue was requested. The following question was submitted without exceptions:

"Special Issue No. 41. If you have answered special issues Nos. 38 and 39 'Yes' and only in that event, then answer the following: Did the refusal of the plaintiff Dennison to thresh the balance of said early Prolific rice, result in damage to said rice? Answer 'yes' or 'no' as you find the fact to be." This question submitted the issue of proximate cause in so far as that issue was essential to appellee's right of recovery.

■ Issues Nos. 38 and 39 were not duplicitous nor on the weight of the evidence. These questions were as follows:

"Special Issue No. 38. Did the plaintiff Dennison agree with the defendant Gilmore, that he, Dennison, would thresh the defendant's early Prolific rice raised on the Dennison farm before threshing rice for other farmers in that community? Answer 'yes' or 'no' as you find the fact to be."

"Special Issue No. 39. Did the plaintiff Dennison, after he had threshed 76 sacks of said early rice for the defendant Gilmore then refuse to thresh the balance of said early Prolific rice raised on said Dennison place by the defendant Gilmore? Answer 'yes' or 'no' as you find the fact to be."

Question No. 38 submitted the very contract pleaded by appellee and which was necessary for him to establish. Without a statement of facts, it must be presumed that the facts assumed in question No. 39, if any facts were assumed, were established by the undisputed evidence. The general instructions relating to the preponderance of the evidence sufficiently protected the rights of appellant, and the failure to embody this instruction in questions 38 and 39 was not error.

■ Appellee's account for meals furnished by him to certain employees of appellant was not within the statute of frauds (Rev. St. 1925, art. 3995). The plea was that the meals were furnished to appellant's employees at his request and that he promised to pay for them.

Proposition No. 14 is overruled on the ground that the items complained of under this proposition form no part of the judgment against appellant.

The judgment of the lower court is affirmed.